961 F.2d 218
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John T. WILLIAMS, Petitioner-Appellant,
v.
B.J. BUNNELL, Superintendent; Attorney General, Ca, State
of California, Respondents-Appellees.
 No. 91-16014.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John T. Williams, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Williams was convicted of robbery and use of a firearm during the robbery in violation of California Penal Code sections 211 and 12022.5. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Williams first contends that there was not sufficient evidence to support the jury's finding that he used a handgun during the commission of the robbery. Viewing the evidence in the light most favorable to the prosecution, we hold that there was sufficient evidence from which a rational jury could find that Williams used a handgun during the commission of the robbery. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 4
 Williams also contends that his trial counsel rendered him ineffective assistance by failing to object to the prosecution's cross-examination of Williams regarding an uncharged robbery of a Gas-N-Save Mini Mart that occurred at 6:30 a.m. on August 27, 1986, approximately three hours before the robbery for which Williams was convicted. The Gas-N-Save is across the street from the store that Williams later robbed. Williams testified that he had not been at the Gas-N-Save, and the prosecution presented rebuttal testimony that he had robbed the Gas-N-Save with a handgun.
 
 
 5
 We need not address whether the trial attorney's conduct was deficient because Williams cannot demonstrate prejudice from the alleged error. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Overwhelming evidence, including identification by two eyewitnesses, supports William's conviction. Williams cannot demonstrate a reasonable probability that but for his counsel's alleged error, the outcome of his trial would have been different. See id. The district court properly denied Williams's habeas corpus petition as to this claim.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3